IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY CIANCIOLO,

        Plaintiff,

v.                                                            Case No. 17-1084-JTM

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Anthony Cianciolo applied for disability insurance benefits and supplemental security income under the Social Security Act. His applications were initially denied by the agency and by an Administrative Law Judge (ALJ), but the Appeals Council remanded for consideration of certain items and additional findings. On remand, a different ALJ (Hon. James Harty) presided over an evidentiary hearing from Wichita, Kansas, with plaintiff appearing by video from Salina, and vocational expert Michael Wiseman testifying at the hearing. After the hearing, the ALJ entered a written order finding plaintiff was not disabled within the meaning of the Act because he retained the ability to perform certain sedentary jobs. In this appeal, plaintiff argues the ALJ erred by failing to adequately explain the absence of any requirement that plaintiff elevate his legs during the day. The court agrees the ALJ failed to properly explain the omission, and accordingly remands the matter for further proceedings.

**I. Legal Standard**

Under the Act, the court must accept the factual findings of the Commissioner if they are supported by substantial evidence. 42 U.S.C. § 405(g). The court accordingly looks to whether the factual findings are supported by substantial evidence and whether the ALJ applied the correct legal standard. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence" means "more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion." *Barkley v. Astrue*, No. 09-1163-JTM, 2010 WL 3001753, *1 (D. Kan. July 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). In making this determination, the court must "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

A claimant is disabled if he suffers from a physical or mental impairment which stops him "from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F.Supp.2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). This impairment "must be severe enough that [he] is unable to perform [his] past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering [his] age, education, and work experience." *Barkley*, 2010 WL 3001753, *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002)).

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. § 404.1520(a). The steps are designed to be followed in order. If it is determined at any step of the evaluation process that the claimant is or is not disabled, further evaluation is unnecessary. *Barkley*, 2010 WL 3001753, at *2. The first three steps require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those impairments meets or equals a designated list of impairments. *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007); *see also Barkley*, 2010 WL 3001753, *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)). If the impairment does not meet or equal a designated impairment, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from her impairments." *Barkley*, 2010 WL 3001753, *2; *see also* 20 C.F.R. §§ 404.1520(e), 404.1545. Upon determining the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require a determination of whether the claimant can either perform his past relevant work or can perform other work that exists in the national economy. *Barkley*, 2010 WL 3001753, *2 (citing *Williams*, 844 F.2d at 751).

The claimant bears the burden at steps one through four to prove a disability that prevents performance of his past relevant work. *Lax*, 489 F.3d at 1084. The burden then

shifts to the Commissioner at step five to show that, despite the impairments, the claimant can perform other work in the national economy. *Id. See Weir v. Colvin*, No. 15-1300-JTM, 2016 WL 6164313, at *1–2 (D. Kan. Oct. 24, 2016). *See Johnston v. Berryhill*, No. 16-2342-JTM, 2017 WL 1738037, at *1–2 (D. Kan. May 4, 2017).

## II. Discussion

A. <u>*Summary of ALJ Ruling.*</u>  Plaintiff alleges a disability onset date of February 12, 2010, when he was 36 years old. He was a high school graduate who had worked full-time at McDonald's for approximately twenty years, until 2010 when he cut back to about 25 hours a week. Plaintiff testified he did so because of pain in his legs due to swelling. Plaintiff was about 5'9" tall and weighed approximately 380 pounds.

The ALJ found that, although plaintiff worked after the alleged onset date, his income did not rise to the level of substantial gainful activity. He found plaintiff had severe impairments of cellulitis, lymphedema, osteoarthritis bilaterally of the knees, right-sided heart failure, obesity, hypothyroidism, and hypertension. The ALJ found that none of the impairments, alone or in combination, met or medically equaled a listed impairment.

The ALJ found plaintiff's RFC to be as follows: can perform sedentary work except he can lift 20 pounds continuously, 50 pounds frequently, and up to 100 pounds occasionally; can carry 20 pounds continuously and up to 50 pounds occasionally; can sit continuously for 3 hours and sit 5 out of 8 hours; can walk continuously 1 hour and walk 1 hour out of 8 hours; can occasionally push-pull with lower extremities bilaterally; occasionally balance, stoop, kneel, crouch, and crawl; must avoid climbing

stairs, ramps, ladders, and scaffolds; can occasionally operate a motor vehicle; can occasionally be exposed to hot and cold temperature extremes and vibration; must avoid exposure to unprotected heights, moving mechanical parts, humidity, wetness, dust, odors, fumes, and pulmonary irritants; can be exposed to a moderate level of noise; cannot walk one block at a reasonable pace on rough or uneven surfaces.

The above hearing and findings took place after an earlier ALJ opinion and a remand by the Appeals Council. Among other things, the Council noted that plaintiff had previously testified he had to elevate his legs because of swelling and pain, and that there was medical evidence indicating he was advised to keep his legs elevated as much as possible. The Council directed the ALJ to "consider the claimant's subjective complaints and the related medical opinions and reassess the claimant's maximum residual functional capacity." (Dkt. 10 at 305).

On remand, the ALJ acknowledged a statement by Molly Biggs, PA-C, that plaintiff should elevate his legs to help prevent swelling. The ALJ asserted, however, that Biggs "does not state how frequently, how long or to what height, which is consistent with the rest of the objective record, which shows recommendations of elevation with no specific prescription of time or height." (Dkt. 10 at 122). The ALJ also stated that plaintiff "regularly stands for over 4 hours at one time at work, with some pain, which does not stop him from working. Also, there is no recommendation that prescribes when the claimant needs to elevate, at what level, and for how long. The claimant himself notes that his edema is better in the morning, and that his current job is painful due to the standing requirement." (*Id*).

5

B. *Whether the ALJ failed to provide a sufficient narrative statement given the omission of any limitation for plaintiff to elevate his legs*. Plaintiff contends the ALJ's explanation for not including such a limitation in the RFC is insufficient given the evidence in the record indicating plaintiff needed to elevate his legs. Plaintiff contends the ALJ acknowledged the limitation but failed to include it in the RFC or adequately explain why it was not included. Plaintiff contends the ALJ "failed to resolve the conflict between his own RFC assessment and the ultimate RFC conclusion," and that remand is required for the ALJ to give proper consideration to the limitation as directed by the Appeals Council.

The Commissioner ably recites the various sources in the record that support the ALJ's other findings, and asserts that in light of that evidence the ALJ "reasonably concluded that Plaintiff could perform work-related activities with rather limited standing and walking requirements without additional limitations for elevating the legs…." (Dkt. 14 at 10). The Commissioner argues that "none of Plaintiff's medical providers or consultative examiners endorsed such a limitation or requirement [for elevating the legs]."

The Appeals Council remanded with specific instructions to consider the medical evidence supporting plaintiff's asserted need to keep his legs elevated. It cited a series of exhibits, most of which consist of treatment notes of Molly Biggs, PA-C, in which Biggs stated that plaintiff should keep the legs elevated "as much as possible," that "it is very [important] to keep [the] legs elevated as part of the treatment," and that plaintiff should "elevate [the] feet above heart level as much as possible." (Dkt. 10 at 860-61).

After (correctly) noting that Biggs was considered an "other source" rather than an "acceptable medical source" under the regulations, the ALJ stated that Biggs "does not state how frequently, how long, or to what height, which is consistent with the rest of the objective record…." (Dkt. 10 at 122). The ALJ also discounted plaintiff's testimony about his need to elevate his legs in part because "there is no recommendation that prescribes when the claimant needs to elevate, at what level, and for how long." But as plaintiff points out, the record includes the opinion of Padma Raju, M.D., who indicated that plaintiff must "Elevate BLE for 1 hr q4h," which presumably means plaintiff needs to elevate his bilateral extremities for one hour every four hours. (Dkt. 10 at 267). The ALJ did not discuss that limitation, did not weigh it against the other evidence, and did not explain why it was not adopted in the RFC. That oversight requires a remand to consider Dr. Raju's opinion together with all of the other evidence, including plaintiff's testimony.

The court is remanding based on procedural error, and nothing in this opinion is intended to suggest any particular outcome with respect to plaintiff's application. The matter is remanded only to assure that the correct legal standards are applied in reaching a decision on the claim.

**IT IS THEREFORE ORDERED** this 10th day of January, 2018, that the Commissioner's decision is REVERSED and the matter is REMANDED to the Commissioner for further proceedings consistent with this opinion.

                                              ___s/ J. Thomas Marten_____
                                              J. THOMAS MARTEN, JUDGE